IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HENRY TIMBERLAKE DUNCAN,

      Plaintiff,

v.                                     Case No. 3:16-cv-11100

ADMINISTRATOR CRAWFORD;
ADMINISTRATOR KING;
CORRECTIONAL OFFICER DAMERON;
CORRECTIONAL OFFICER JUSTIN JONES;
CORRECTIONAL OFFICER JAROD MARTIN;
SERGEANT BRIAN STEPHENS;
CORRECTIONAL OFFICER REBA POYNTER;
CORRECTIONAL OFFICER STANLEY JARVIS; and
CORRECTIONAL OFFICE RONALD WILLIAMSON,

      Defendants.

## MEMORANDUM OPINION AND ORDER

The following motions are pending in this action filed pursuant to 42 U.S.C. § 1983:

1.    Plaintiff's Motion to Amend the Second Amended Complaint, (ECF No. 52);

2.    Defendants' Combined Motion to Dismiss and Motion for Summary Judgment, (ECF No. 76);

3.    Plaintiff's Motion to Extend Discovery Deadline and Stay Order Granting Defendants' Motion to Dismiss and Motion for Summary Judgment, (ECF No. 81); and

4.    Plaintiff's Motion to Admit All Plaintiff's Requests for Admissions as True, (ECF No. 82).

Also relevant to the issues in dispute are Defendants' Response in Opposition to Plaintiff's

Motion to Compel and to Show Cause Order, (ECF No. 69), and Plaintiff's Objection to

the Order granting Defendants leave to file their dispositive motion late, (ECF No. 81). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Amend; **GRANTS** Plaintiff's Motion to Extend the Discovery Deadline; **DENIES** Plaintiff's Motion to Stay, but holds in abeyance the filing of proposed findings and recommendations regarding Defendants' Motion to Dismiss and Motion for Summary Judgment; and **DENIES** Plaintiff's Motion to Admit All of Plaintiff's Admissions.

I. **Relevant Procedural History**

On November 18, 2016, Plaintiff filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when they allowed inmates to physically assault Plaintiff while he was being held in Protective Custody. (ECF No. 2). In addition, Plaintiff claims that Defendant Dameron improperly confiscated Plaintiff's religious materials and failed to return them. (*Id.*). On April 14, 2017, the undersigned held a status conference and entered a Scheduling Order setting a discovery deadline of August 31, 2017. (ECF No. 20). On that same date, Plaintiff was permitted to file an amended complaint, (ECF No. 21), and discovery ensued. On May 26, 2017, Plaintiff was granted leave to file a second amended complaint, in which he added three additional defendants and a supervisory liability claim. (ECF No. 32).

On June 16, 2017, Defendants filed Objections to Discovery Requests. (ECF No. 41). In these objections, Defendants complained that Plaintiff had exceeded the permissible number of interrogatories and argued that Plaintiff was seeking information that would prejudice the physical security and operations of the Western Regional Jail. (*Id.* at 2). Defendants did not attach the objectionable discovery requests to their filing, nor did they move the Court for a protective order pursuant to Fed. R. Civ. P. 26(c) limiting the scope of discovery, or forbidding inquiry into certain matters.

On August 10, 2017, the undersigned conducted a discovery conference. (ECF No. 48). During the discovery conference, the parties and the Court engaged in a discussion regarding Plaintiff's excessive interrogatories. Defendants' counsel admitted that Defendants had not yet responded to *any* of the interrogatories. Accordingly, the Court instructed Plaintiff to resubmit interrogatories to Defendants, limiting the number to 40 per defendant. Given that discovery was not yet completed, the Court issued an Amended Scheduling Order. (ECF No. 49). Under the amended order, the deadline for filing written discovery was extended to August 31, 2017, and the discovery deadline was extended to November 30, 2017. (*Id.* at 2). The parties were also ordered to engage in settlement discussions no later than December 15, 2017 and to file dispositive motions no later than January 5, 2018. Counsel for Defendants was ordered to arrange the settlement negotiations.(*Id.*).

On August 31, 2017, Plaintiff filed a Certificate of Service, confirming that he had served Defendants' counsel on August 29, 2017, via United States Mail, with Requests for Admissions and a second set of interrogatories. (ECF No. 51). Two weeks later, Plaintiff filed the pending motion to amend the second amended complaint. (ECF No. 52). On October 2, 2017, Defendants filed responses to Plaintiff's discovery requests. (ECF Nos. 53, 54). On October 24, 2017, Plaintiff filed a motion to compel further responses to requests for admissions and to interrogatories. (ECF No. 56). The motion identified the objectionable responses by number and explained how the responses were insufficient. (*Id.*). The motion also rephrased some of the interrogatories, apparently to provide clarification of the information sought. (*Id.*).

On November 13, 2017, after expiration of the time allowed for a response in opposition to the motion to compel, the undersigned entered an Order granting the

motion on the basis that Defendants did not object to it. (ECF No. 57). Two days later, Defendants objected to the Order granting the motion, and filed a motion to stay the Order. (ECF No. 59). Construing the objection as a motion for additional time to respond to the motion to compel, the presiding District Judge granted Defendants an extension of time, giving them until November 24, 2017 to respond to the motion to compel. (ECF No. 63). The undersigned thereafter stayed the Order compelling discovery responses pending resolution of Defendants' objections to the discovery requests. (ECF Nos. 63, 64). On December 12, 2017, noting that Defendants had not filed a response in opposition to the motion to compel, the undersigned entered a Show Cause Order, giving Defendants until December 15, 2017 to file their response in opposition to the motion to compel and to show cause for their failure to comply with the Court's Order granting them an extension. (ECF No. 67).

On December 15, 2017, Defendants filed a response to the Show Cause Order. (ECF No. 69). In addition, Defendants filed Certificates of Service, indicating that they had served supplemental responses to Plaintiff's discovery requests. (ECF No. 70, 71).

On January 8, 2018, three days after the dispositive motion deadline, Defendants filed a dispositive motion and a motion for leave to file the dispositive motion after the deadline. (ECF Nos. 73, 76). The Court granted the motion for leave to file the dispositive motion late. (ECF No. 79). In response, Plaintiff filed an objection to the Court's acceptance of the untimely dispositive motion, as well as a motion to extend the discovery deadline and a motion to stay a ruling on the dispositive motion. (ECF No. 81). On January 23, 2018, Plaintiff also filed the pending Motion to Admit All Plaintiff's Requests for Admission as True. (ECF No. 82).

## II. Discussion

### A. Motion to Amend the Second Amended Complaint

In the Motion to Amend the Second Amended Complaint, (ECF No. 52), Plaintiff seeks leave to add as defendants three additional correctional officers, whom Plaintiff claims failed to physically restrain one of the inmates that attacked Plaintiff. According to Plaintiff, correctional officers Reba Poynter, Stanley Jarvis, and Ronald Williamson responded to the inmates' attack, but chose not to intervene, thus allowing one inmate to assault Plaintiff from behind. (*Id.*). The Motion to Amend is unopposed.

Rule 15(a)(2) of the Fed. R. Civ. P. provides that the Court should "freely give leave" to file an amended complaint "when justice so requires." Generally, leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Here, granting leave to amend would not be prejudicial to Defendants, because the underlying cause of action has not changed; the same counsel represents all of the defendants and will likely represent the three additional defendants, so the joinder of defendants should not result in a substantial delay of the case; and, lastly, the statute of limitations on Plaintiff's claim has not yet expired. *Triplett v. Mirandy,* No. 3:13-CV-135, 2015 WL 2170033, at *5 (N.D.W. Va. May 8, 2015) (recognizing that "the statute of limitations period for a prisoner's failure to protect claim, like the one asserted in the instant case, is two years."). Plaintiff alleges that he was assaulted in June 2016. Accordingly, if this Court denies the motion to amend, Plaintiff could simply file a separate complaint against Poynter, Jarvis, and Williamson, which would result in the waste of judicial resources and would require Plaintiff to unnecessarily incur another filing fee. Plaintiff's delay in naming the three new

individuals as defendants is not inordinately late, and there is no allegation that the amendment is offered in bad faith. Finally, the amendment is not futile, as a jailer's failure to protect an inmate may constitute a constitutional violation.

Therefore, the Court **GRANTS** the motion to amend the second amended complaint. The Clerk of Court is **ORDERED** to issue summonses to Defendants Poynter, Jarvis, and Williamson, and the United States Marshals Service is **ORDERED** to serve a summons and complaint, first amended complaint, second amended complaint, and third amended complaint, (ECF Nos. 1, 21, 32, 52) on the three named individuals, or their agents for service of process. Counsel for Defendants is **ORDERED** to notify the Clerk of Court within **five business days** of the date of this Order if he is authorized to accept service on the newly joined defendants, or, if not, the last known residence/work addresses of these defendants. The Clerk is directed to redact the service addresses from any documents filed on the case docket. With regard to Defendants Crawford, King, Dameron, Jones, Martin, and Stephens, they shall not be required to file an answer to the third amended complaint. Instead, their prior answers and responses shall suffice.

**B. Motion to Extend Discovery and Stay Ruling on Dispositive Motion**

Before addressing Plaintiff's motion to extend discovery and motion to stay the ruling on Defendants' dispositive motion, the undersigned addresses Plaintiff's objection to the Court's order allowing Defendants to file their dispositive motion three days after the court-imposed deadline. In his objection, Plaintiff argues that Defendants have repeatedly missed deadlines, have failed to comply with court orders, and have failed to provide complete and responsive responses to discovery, even after Plaintiff agreed to a supplemental protective order tendered by Defendants. To a significant extent, the Court agrees with Plaintiff's observation that Defendants have been unacceptably lax in the

pretrial development of this case.

In Defendants' objection to the court order granting Plaintiff's motion to compel, Defendants essentially blame Plaintiff and the Court for Defendants' failure to timely object to the motion. Defendants incorrectly argue that the Court was precluded from ruling on the motion to compel, because (1) Plaintiff did not file a certification confirming that he met and conferred with Defendants in good faith prior to filing the motion; and (2) the Court violated Local Rule 26.1(c) in considering the motion. Contrary to Defendants' assertion, while Fed. R. Civ. P. 37(a)(1) requires the moving party to file a certification that the party has in good faith conferred or attempted to confer with the opposing party prior to filing a motion to compel, the Rule does not contain any language expressly prohibiting the Court from entertaining a motion that lacks such a certification. Indeed, if Defendants had taken time to familiarize themselves with the practice in this District, they would have known that the lack of a certification, or the failure to meet and confer as described in Local Rule 37.1, may result in a denial of an award of reasonable fees, but does not prevent the Court from addressing the substantive issues raised in the discovery motion. *See, e.g., Westfield Ins. Co. v. Carpenter Reclamation, Inc.,* 301 F.R.D. 235, 245 (S.D.W. Va. 2014). Defendants should also bear in mind that district courts enjoy broad discretion in managing both discovery and their dockets and, thus, are authorized to rule on such motions even if they do not fully comply with all procedural rules. *See, e.g., Eramo v. Rolling Stone, LLC,* 314 F.R.D. 205, 210 (W.D. Va. 2016); *Commerce and Industry Insur. Co. v. Newell Contracting, Inc.,* No. 2:13-cv-30260, 2015 WL 5722808, at \*2 (S.D.W. Va. Sept. 29, 2015); *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 124 (D. Md. 2009).

Moreover, Defendants provide no legal support for the proposition that the lack of

a certification entirely excuses the opposing party from responding to the discovery motion. Obviously, the Court is not in a position to intuit or supply an opposing party's objections; therefore, when objections are not clearly and timely expressed, the Court may reasonably assume that the opposing party has no objections. For that reason, unopposed motions are often granted.

Similarly, Defendants' contention that the Court violated L. R. Civ. P. 26.1(c) is simply erroneous. L. R. Civ. P. 26.1(c) pertains only to motions seeking "additional" discovery, which is defined in the Rule as requests made by a party "[a]fter the opportunities for discovery pursuant to the Federal Rules of Civil Procedure, stipulation of the parties, or order have been exhausted." L. R. Civ. P. 26.1(c). The discovery at issue in this case was not "additional" discovery; rather, the motion to compel involved answers to revised interrogatories ordered by the Court, as well as Plaintiff's first set of requests for admissions, which were filed in compliance with the Scheduling Order. Consequently, the Court properly considered Plaintiff's motion to compel under Fed. R. Civ. P. 37 and L. R. Civ. P 37.1, and not under L. R. Civ. P. 26.1(c).

After being given an opportunity to file a response in opposition to the motion to compel, Defendants compounded their error by failing to do so within the time frame allowed by the Court. On December 15, 2017, three weeks after the deadline provided by the presiding District Judge, and only after the issuance of a Show Cause Order, Defendants finally filed a three-page document. However, instead of submitting a thorough and well-researched brief that included legal citations and focused arguments supporting their position that discreet discovery requests were improper, the upshot of Defendants' brief was that the District Judge was mistaken when he construed Defendants' objection to the court order as a request to file a late response. According to

Defendants, the objection *was* the response to the motion to compel. (ECF No. 69 at 2).

Having reviewed the objection, the undersigned finds Defendants' assertion untenable for several reasons. First, Defendants did not identify the objection as a response to the motion to compel. Instead, it was labelled as an objection to the court order and was filed pursuant to Fed. R. Civ. P. 72. Second, the objection largely addressed how the Court lacked authority to grant the motion to compel. The objection provided no specific responses to the issues raised in the motion to compel; no cogent argument explaining how the discovery requests posed security issues for the Jail; and absolutely no legal citations supporting Defendants' position that discovery answers should not be compelled. Third, even if the objection *was* the response, which is not plain on its face, the response was still filed late. Plaintiff's motion to compel was served via first class mail on October 19, 2017. Therefore, Defendants' brief in opposition was due on November 6, 2017. L. R. Civ. P. 7.1(a)(7). Consequently, the objection/response, which was filed on November 15, 2017, was nine days late. If Defendants' were not seeking an extension of time to respond to the motion to compel, then they should have been, because their response was untimely.

Finally, in addition to their tardiness in responding to the discovery motion and court order, Defendants filed their Motion to Dismiss and Motion for Summary Judgment late—three days after the deadline for dipositive motions. The untimely filing of the dipositive motion, combined with Defendants' other absent or late filings, demonstrates an unacceptable pattern of delay. Furthermore, Defendants' refusal to fully accept responsibility for their mistakes reflects a troubling practice. As Defendants emphasized in their objection, the rules do not change simply because one party is proceeding *pro se*; this is particularly true of the party that is represented by counsel. Counsel, as officers of

9

the Court, should set the example for *pro se* litigants. That has clearly not happened in this case.

Nevertheless, Plaintiff's objection to the order allowing Defendants leave to file their dispositive motion three days late is overruled. Plaintiff is not prejudiced by the short extension considering that he is adding three new defendants to the case and seeks an extension of the discovery deadline. On that point, Plaintiff's motion for an extension of the discovery deadline is **GRANTED**. The Court will issue an Amended Scheduling Order by separate entry. Plaintiff's Motion to Stay a ruling on the dispositive motion is **DENIED**, because a stay is not necessary. The undersigned does not intend to issue proposed findings and recommendations on Defendants' dispositive motion until a hearing is held to determine what, if any, discovery pertaining to the motion remains pending. A discovery status hearing will be scheduled by separate entry.

### C. Defendants' Motion to Dismiss and Motion for Summary Judgment

As indicated above, a hearing will be set for the purpose of addressing this pending motion, as well as to discuss the status of discovery.

### D. Plaintiff's Motion to Admit All Plaintiff's Requests for Admission as True

On January 17, 2017, Plaintiff served Defendants via first class mail with the motion to admit all of the requests for admissions as true. In his supporting memorandum, Plaintiff argues that the requests for admissions should be accepted as true, because Defendants filed their responses to the requests for admissions two days late. (ECF No. 83 at 2).

According to the certificate of service, Plaintiff served Defendants with Requests for Admissions on August 29, 2017. (ECF No. 51). Because the requests were served by

mail, Defendants were given three extra days in which to respond. *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire."). Accordingly, Defendants' answers to requests for admissions were due on October 1, 2017. However, October 1, 2017 was a Sunday. Therefore, Defendants' answers were not due until Monday, October 2, 2017. *See* Fe. R. Civ. P. 6(a)(1)(C) (providing that if the last day a document is due falls on a weekend, "the period continues to run until the end of the next day which is not a Saturday, Sunday, or legal holiday."). Defendants served the answers on October 2, 2017. (ECF No. 53). As such, the answers were not late, and Plaintiff's Motion is **DENIED**.

The Clerk is directed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** January 25, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge