IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HENRY TIMBERLAKE DUNCAN,

      Plaintiff,

v.                                     Case No. 3:16-cv-11100

ADMINISTRATOR CRAWFORD;
ADMINISTRATOR KING;
CORRECTIONAL OFFICER DAMERON;
CORRECTIONAL OFFICER JUSTIN JONES;
CORRECTIONAL OFFICER JAROD MARTIN;
SERGEANT BRIAN STEPHENS;
CORRECTIONAL OFFICER REBA PAYTON;
CORRECTIONAL OFFICER STANLEY JARVIS; and
CORRECTIONAL OFFICE RONALD WILLIAMSON,

      Defendants.

## ORDER

Pending are four discovery-related motions filed by Plaintiff. (ECF Nos. 120, 121, 122, 128). The motions are considered in the context of the history and posture of this case. This case was filed on November 18, 2016. Discovery commenced on April 14, 2017. Plaintiff amended the complaint several times, resulting in defendants that are at different stages in the litigation, as well as two amended scheduling orders.

The last amended scheduling order, dated March 5, 2018, was entered immediately after a discovery status conference. At the conference, the undersigned reviewed, in detail, with Plaintiff and counsel for the defendants the nature and extent of discovery that remained to be completed. The undersigned stressed the importance of finishing discovery promptly, in part because of the age of the case, and in part because Defendants

Crawford, King, Dameron, Jones, Martin, and Stephens had a Motion for Summary Judgment pending, which was filed in accordance with deadlines contained in an earlier scheduling order entered on August 10, 2017. (ECF No. 49).

At the conference, Plaintiff indicated that a few of his prior discovery requests remained unanswered, but he confirmed that he did not anticipate the need to serve any additional written discovery in order to respond to the pending Motion for Summary Judgment. The Court and parties discussed Plaintiff's outstanding discovery requests. Defense counsel was instructed to work with Plaintiff to provide the information, and he was instructed to file a motion to compel if he did not get the materials that he felt he was entitled to receive. Based upon the parties' representations, and considering that Plaintiff had already served the defendants with two sets of written discovery and a set of requests for admission, the Court set a deadline of April 6, 2018 for the filing of motions to compel and a deadline of May 11, 2018 for the close of discovery.

Notwithstanding his statements at the status conference, on March 23, 2018, Plaintiff served the defendants with a third set of interrogatories, a second set of requests for admission, and a set of requests for the production of documents. (ECF Nos. 107, 108, 109). Defendants filed responses to these requests on April 23, 2018. (ECF No. 113). On May 10, 2018, one day before the expiration of discovery and well after the deadline for filing motions to compel, Plaintiff filed three discovery motions. Ten days after the discovery deadline, and nearly one month after motions to compel were due, Plaintiff filed his fourth discovery motion.

With this history in mind, the Court **ORDERS** as follows:

1.      Plaintiff's Motion to Compel Defendant Jarvis to Answer Interrogatories is **DENIED**. (ECF No. 120). Plaintiff originally moved to compel supplemental answers to

Interrogatory Nos. 3, 15, 21, 22, 23, 37, 43, 56, 60, 63, and 66. After receiving the motion to compel, Jarvis voluntarily filed supplemental responses to all interrogatories, except Interrogatory Nos. 15 and 21. Plaintiff agreed to accept Jarvis's supplemental responses with the following exceptions. Plaintiff moves to compel a more complete answer to Interrogatory Nos. 15 and 22.

In Interrogatory No. 15, Plaintiff asked Jarvis to state the number of inmate fights reported between June 15, 2015 and June 15, 2016 in the lockdown units at the Western Regional Jail, as documented in incident reports. Jarvis originally responded that he did not have personal knowledge of the number and did not have control or custody of the doumentation. He subsequently added that the Jail and Jail Authority did not maintain records of inmate fights in such a manner that the information requested by Plaintiff was readily available. Jarvis explained that to produce the information requested by Plaintiff, Jarvis would have to search through each and every inmate file from that time period to look for responsive documents and then compile the data requested by Plaintiff.

Plaintiff now seeks production of all incident reports involving the lockdown units that were prepared between June 2015 and June 2016, so that he can review the reports for evidence of inmate fights. Plaintiff's request is denied for several reasons. First, as Jarvis has already stated, as a correctional officer, he does not have care, custody, or control of the Jail's incident reports. Therefore, he is neither obligated, nor authorized, to produce them. Second, Jarvis lacks personal knowledge sufficient to answer the question; no discovery rule requires Jarvis to conduct research and compile data for Plaintiff. Third, Plaintiff's original request was an interrogatory, not a request for the production of documents. Therefore, his request for an order compelling the production of documents is inapposite.

In Interrogatory No. 22, Plaintiff asked Jarvis's opinion about whether there were enough officers present at the June 15, 2016 altercation—before the arrival of Sergeant Stephens—for the officers "to have had the option, if they chose to do so, to attempt to break up the fight using physical force by restraining both inmates?" (ECF No. 120 at 2). Jarvis originally objected on the grounds of speculation and conjecture, but provided an answer. He later supplemented the response, but continued to object to the phraseology of the question. Plaintiff now moves to compel Jarvis to answer a rephrased question. Jarvis has already answered the interrogatory as posed; therefore, Plaintiff's motion to compel a more complete response to Interrogatory No. 22 is denied.

The undersigned notes that Plaintiff further requests in this same motion that the Court issue an order compelling Defendants Crawford, King, Dameron, Jones, Martin, and Stephens to produce certain items Plaintiff requested at the March 5, 2018 status conference, which include an incident report involving an inmate-on-inmate assault that occurred on B pod, involving two inmates unrelated to the instant action; materials pertaining to an alleged assault on Duncan that occurred more than a year after the incident forming the basis of the complaint herein; tower logs from B, C, and F pods; incident reports discussing a power outage on June 15, 2016; and a "missing" x-ray from his medical file. Plaintiff's motion to compel these items is **DENIED**. At the hearing on March 5, 2018, Plaintiff was instructed to file a motion to compel if the said items were not promptly provided (assuming they existed and were in Defendants' possession), and was given a deadline of **April 6, 2018** to file that motion. He failed to file the motion until May 10, 2018. Accordingly, his motion is untimely. Furthermore, given Defendants' Motion for Summary Judgment, which has been pending since January 2018, allowing Plaintiff to continue discovery well after the deadline would be prejudicial to Defendants

4

Crawford, King, Dameron, Jones, Martin, and Stephens.

2.      Plaintiff's Motion to Extend Discovery and Plaintiff's Motion to increase the number of interrogatories to 54, as they apply to Defendants Crawford, King, Dameron, Jones, Martin, and Stephens, are **DENIED**. (ECF Nos. 121, 122). On March 5, 2018, after having almost an entire year to develop his case, Plaintiff advised the Court that he had essentially completed discovery and did not anticipate serving additional discovery requests, even against the newly-joined defendants (Jarvis, Williamson and Payton). While it is true that Plaintiff complained of Defendants' failure to provide certain materials—in particular, medical records; records of a second attack in 2017 or 2018; and an incident report of an unrelated inmate-on-inmate assault in B pod—Plaintiff was told to file a motion to compel if he did not receive satisfactory responses promptly. He was given a deadline of April 6, 2018 in which to file a motion to compel, with an explanation that the case needed to move toward resolution. The record shows that Defendants served Plaintiff with supplemental information on March 6, 2018. Instead of filing a motion to compel, Plaintiff served a third set of interrogatories, a second set of requests for admissions, and a set of requests for the production of documents on March 23, 2018. Not surprisingly, Defendants objected to the excessive number of interrogatories when they responded on April 23, 2018. Now Plaintiff seeks to extend discovery and increase the number of interrogatories. Plaintiff has been given ample opportunity to discover his case; in fact, he was permitted to conduct discovery even after Defendants Crawford, King, Dameron, Jones, Martin, and Stephens had filed a motion for summary judgment based on deadlines in an earlier scheduling order. To allow Plaintiff additional discovery against those defendants at this point would be prejudicial to said defendants.

As to Defendants Jarvis, Payton, and Williamson, the undersigned holds the

Motions in **ABEYANCE.** Defendant Jarvis appeared in this case on March 13, 2018 and has a motion to dismiss pending; Defendant Williamson appeared July 3, 2018; and Defendant Payton appeared on July 26, 2018. As these three defendants are new to the case, the issue of discovery will be addressed after any preliminary dispositive motions have been resolved.

3.      Plaintiff's Motion to Compel Further Discovery and Further Answers is **DENIED,** in part, and held in **ABEYANCE,** in part. (ECF No. 128). First, Plaintiff's requests for the tower logs from B, C, and F pods and reports of an electrical outage are denied. Those documents are not relevant given that Defendants have admitted that Durst and Newsome were not supposed to be out of their cell at the time Plaintiff was released for hygiene. Whether they capped their cell door, or the door malfunctioned due to an electrical outage, is not material at this time.

The remainder of Plaintiff's motion seeks an order from the Court compelling Defendants to provide different or additional answers in response to various requests for admission. Requests for Admission are governed by Fed. R. Civ. P. 36. According to the Rule, a party may serve on another party a written request to admit the truth of any relevant matter. If the answers provided are insufficient, the requesting party "may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial." *See* Fed. R. Civ. P. 36(a)(6).

Nine individuals are named as defendants in this civil action. Although Plaintiff has tended to treat the defendants as one party, they are not a single party. Consequently,

what Defendant Crawford may know and may be able to admit could be vastly different from what Defendant Payton may know and be able to admit. For that reason, requests for admission must be addressed to a specific party.

Plaintiff contends that the defendants failed to comply with Local Rule of Civil Procedure 36.1(a). Local Rule 36.1(a) requires the party answering requests for admission to precede "each answer, statement or objection" with "the request for admission to which it responds." *Id.* In order for the Court to determine whether the answers, statements, or objections made by each defendant to Plaintiff's requests for admission are sufficient, the defendants shall file with the Clerk a copy of their responses to Request Nos. 7, 10, 11, 12, 28, 29, 30, 32, 35, 39, 43, 44, 48, 51, 62, 72, 73, 74, 75, 88, 89, 91, 92, 93, and 98, along with any response in opposition to Plaintiff's motion to compel, within **fourteen (14) days** of the date of this Order. Defendants shall use the proper format in responding to the requests for admission as set forth in the Local Rule. To the extent any defendant failed to serve responses compliant with L. R. Civ. P. 36.1(a), a set of compliant responses shall be served on Plaintiff within **fourteen (14) days**. The Court will rule on the sufficiency of the responses when filed.

The Clerk is directed to provide a copy of this Order to Plaintiff and counsel of record.

**ENTERED:** July 27, 2018

Cheryl A. Eifert
United States Magistrate Judge